UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

vs.                                                                                         Case No. 2:13-cr-0016-JMS-CMM-06

ROXANNE FRAKES,

    Defendant

## **REPORT AND RECOMMENDATION**

A hearing was convened in this matter on July 21, 2017, on a Petition for Warrant for Offender Under Supervision filed June 28, 2017 [Doc. 582] and on a Supplemental Petition for Warrant for Offender Under Supervision filed July 12, 2017 [Doc. 586]. A warrant was ordered by the Court and a warrant was issued for the defendant's arrest [Doc. 583, 584]. The Court set this matter for an initial appearance [Doc. 587]. This matter was referred to the Magistrate Judge for hearing pursuant to 18 U.S.C. 3401(i) on June 29, 2017 [Doc. 585]. The July 21, 2017 proceeding was both an initial appearance and, by agreement of the parties, a hearing on the defendant's alleged violations of the terms and conditions of her sentence while on supervised release.

The Government appeared by Lauren Wheatley, Assistant United States Attorney; the defendant, Roxanne Frakes, appeared in person (in custody) and with CJA counsel, Andrew Borland. Jennifer Considine was present on behalf of the U.S. Probation Office.

The Government and defense counsel advised the Court that the parties had reached an agreement on admission of violations and a disposition of the case.

The Court advised the defendant of her constitutional rights and the burden of proof with respect to the alleged violations. The defendant answered preliminary questions to ascertain her ability to understand the proceedings. The defendant was provided a copy of the Petition, Supplemental Petition, and Revocation Parameters worksheet. The defendant waived her right to a preliminary hearing. The defendant, Roxanne Frakes, was sworn and her testimony heard. She admitted all four violations cited in the Petition and in the Supplemental Petition, both of which were submitted by U.S. Probation Officer Considine.

The defendant advised that she had sufficient time to meet with counsel, to review the nature of the violations cited in the Petition, and Supplemental Petition, and to consider whether to admit the violations. The Court reviewed with the Defendant each violation cited in the Petition and Supplemental Petition. The Court finds that the defendant, after being placed under oath, and having had sufficient time to consult with counsel, made a knowing, intelligent and voluntary admission of all violations cited in the Petition and Supplement.

The undersigned recommends to the Court adoption of the following Findings of Fact and Conclusions of Law:

### **Findings of Fact**

1. The defendant, Roxanne Frakes, was sentenced on August 29, 2014, in the U. S. District Court for the Southern District of Indiana, Terre Haute Division, on the charge of Conspiracy to Possess with Intent to Distribute a Substance Containing Methamphetamine. The original sentence included 32 months of confinement and 36 months of supervised release.

2. While on supervised release, the defendant violated the terms of supervised release as follows:

   a. "You shall reside at a residential reentry center for a term of up to 180 days. You shall abide by the rules and regulations of the facility."

   b. "The defendant shall refrain from any unlawful use of a controlled substance."

   c. "The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment."

   d. "The defendant shall not associated with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."

3. The defendant was under supervision of the U.S. Probation Office in the Southern District of Indiana on June 28, 2017, the date on which the Petition was filed, and on July 12, 2017, the date on which the Supplement was filed.

4. The defendant admitted the allegations contained in the Petition in open court, under oath, and after the advice of counsel. The specific offenses included:

   a. On June 19, 2017, Frakes' conditions of supervised release were modified to include a term of 180 days at a residential reentry center (RRC) due to continued drug use. On June 20, 2017, the Bureau of Prisons designated Frakes to the RRC in Indianapolis, Volunteers of America (VOA) with a reporting date of June 22, 2017. She did not report to the facility.

   b. On June 20, 2017, Frakes submitted to a urinalysis which tested positive for amphetamines. On June 23, 2017, Frakes admitted to the probation officer that she continued to use methamphetamine.

   c. On July 10, 2017, the probation officer was notified that Frakes was residing at 1629 Beech Street, Terre Haute. This was a residential location that had not been reported to the probation officer. The arrest on the Petition was effected at that location.

   d. On July 11, 2017, Frakes was arrested in the company of an adult male at the Beech Street address. The adult male also was arrested on an outstanding parole warrant. Frakes had not previously disclosed to the probation officer that she was associated with a known convicted felon nor did she request permission to do so.

5. Frakes' actions violated the terms of supervised release from the original sentence.

6. The Magistrate Judge makes the following observations for the benefit of the District Judge:

The parties agreed to a recommended sentence of 10 months without any additional supervised release. The recommended sentence was the high end of the guidelines parameters.

Frakes is simply and tragically a methamphetamine addict. Her desire to "better herself" is overwhelmed by dependency on illegal substances. She is aware of the problem but helpless in solving it. The presence of a probation officer and the opportunities for supervised release were of no avail.

At the time of her arrest, Frakes had, within a matter of days, failed to appear at VOA, had a positive drug screen, moved to another location without permission, and resided there with a convicted drug dealer. The parties' conclusion that supervised release in the future is likely futile is sadly accepted by the Magistrate Judge.

While the prognosis is poor beyond the 10-month sentence, her family appeared in the courtroom and expresses support. That support will be critical at the conclusion of incarceration if Frakes is to have any hope of overcoming addiction and re-directing her life.

For those reasons, a term of incarceration without additional supervised release is appropriate.

7. The defendant was advised that this matter had been referred by the District Judge and that this report would be transmitted to the Court. She was further advised that the Court was not a party to the agreement between the Government and the defendant regarding disposition of this matter. The Magistrate Judge, however, advised the parties that the agreement was satisfactory and that a recommendation would follow to the District Judge consistent with the parties' agreement. The defendant testified that she understood the proposed agreement on disposition, consented to its content, and had not been coerced or threatened to enter into such an agreement.

**Conclusions of Law**

1. The Court finds by a preponderance of the evidence that the defendant violated the terms of supervised release on and after her release from the Bureau of Prisons and while under supervision of the U. S. Probation Office.

2. The violations noted in the Findings of Fact under 2(a), (c), and (d) are Grade C violations. The violation noted in the Findings of Fact under 2(b) is a Grade B violation under §7B1.1(b), *United States Sentencing Guidelines* (Chapter 7, Violations of Probation and Supervised Release).

3. The defendant's criminal history under §7B1.4(a) is Category I.

4. The sentencing options for this defendant include a range of imprisonment of four to 10 months based upon these findings and conclusions. *See,* §7B1.4(a).

5. Based upon these findings and conclusions, the Magistrate Judge recommends that the defendant be sentenced to a term of 10 months in the custody of the U.S. Bureau of Prisons consistent with the agreement of the parties. The Magistrate Judge further recommends that the defendant not be placed on supervised release.

6. In reaching these conclusions, the Magistrate Judge has considered the factors set forth in 18 U.S.C. 3553(a)(1) [nature and circumstances of the offense and the history and characteristics of the defendant, here, the multiple violations of the terms of supervised release in a short time frame], (a)(2)(B) [affording adequate deterrence to criminal conduct, here, consideration of the defendant's multiple violations and disregard of reasonable rules of supervised release], (a)(2)(c) [to protect the public from further crimes of the defendant], (a)(2)(D) [to provide the Defendant with needed medical care or other correctional treatment],

(a)(4), (a)(5) [not applicable here], (a)(6) [the need to avoid unwarranted sentence disparities among defendants with similar records], and (a)(7) [not applicable here].

### Recommendation

The undersigned recommends to the Court adoption of these Findings of Fact and Conclusions of Law and the revocation of the defendant's supervised release and the imposition of term of incarceration of 10 months without supervised release at the conclusion of the sentence.

The defendant is ORDERED detained pending the District Court's consideration of this recommendation.

Dated:       July 27, 2017

_____
CRAIG M. MCKEE, Magistrate Judge
United States District Court
Southern District of Indiana

**Distribution to:**
Lauren Wheatley, U.S. Attorney's Office
Andrew Borland
Katrina Sanders and Jennifer Considine, U.S. Probation Office
Greg Snyder, U. S. Marshal's Office